# EXHIBIT 1

Filed
D.C. Superior Court
02/24/2022 26:05PM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| **BRUCE BUNTING and JESSIE BRINKLEY** )<br>**4426 Volta Pl. NW** )<br>**Washington DC 20007** )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**DISTRICT OF COLUMBIA CVS** )<br>**PHARMACY, LLC** )<br>**One CVS Drive** )<br>**Woonsocket, RI 02895** )<br>)<br>SERVE ITS REGISTERED AGENT: )<br>CT Corporation System )<br>1015 15th St. NW, Suite 1000 )<br>Washington DC 20005 )<br>**Defendant** )<br>_____) | Civil Action No. 2022 CA 000736 B |

### COMPLAINT AND JURY TRIAL DEMAND

COME NOW Plaintiffs, Dr. Bruce Bunting and Ms. Jessie Brinkley, and for their Complaint against District of Columbia CVS Pharmacy, LLC, ("CVS") states as follows:

### Case Summary

This is an action for damages arising out of serious personal injuries sustained by Plaintiff as the result of Defendant's negligence in maintaining the premises of the CVS located at 4859 McArthur Blvd. NW, Washington, D.C. 20007.

### Jurisdiction and Venue

1. This matter is properly before the Superior Court of the District of Columbia pursuant to D.C. Code Ann. §§ 1-204.31(a), 11-921(a).

2. This Court has personal jurisdiction over all Defendant, pursuant to D.C. Code Ann. § 13-423 because, *inter alia*, Defendant transacts business in the District of Columbia; and/or caused tortious injury in the District of Columbia by acts or omissions in the District of Columbia. The Premises operated by Defendant and the subject of this Complaint are located within the District of Columbia.

3. Venue in this court is proper pursuant to D.C. Code Ann. §§ 1-204.31(a), 11-921(a).

### Parties

4. Plaintiff Dr. Bruce Bunting is an adult resident of the District of Columbia. At all relevant times, Dr. Bunting was an invitee of Defendant CVS and was a permissible user of the CVS store at which he was injured.

5. Plaintiff Ms. Jessie Brinkley is adult resident of the District of Columbia, and was at all relevant times lawfully married to Dr. Bunting.

6. Upon information and belief, District of Columbia CVS Pharmacy LLC is a Rhode Island corporation, operating within the District of Columbia.

### Facts

7. At all relevant times hereto, Plaintiff was a business invitee of Defendant and was lawfully on the premises of the CVS at which he was exiting when he was injured.

8. On December 24th, 2020, a little after 10:00 a.m., 73-year-old, Dr. Bruce Bunting arrived at his local CVS located at 4859 MacArthur Boulevard NW, in Washington, D.C.

9. At approximately 10:30 a.m. as Dr. Bunting was exiting the store when he slipped immediately outside the automatic exit doors.

10. Upon information and belief, Dr. Bunting slipped on slick and wet concrete that resulted from a mixture of salt and water.

11. Upon information and belief, the slick surface had been created by the store's spreading of the salt on a wet and warm day, which caused it to make the ground unsafe and slippery.

12. This slip caused Dr. Bunting's right ankle to twist, and he fell onto the concrete sidewalk.

13. Dr. Bunting immediately noticed pain in his right ankle, and an ambulance was called.

### Dr. Bunting's Severe Injuries and Treatment

14. Dr. Bunting was taken to Sibley Hospital by ambulance, where he was diagnosed with a closed fracture dislocation of his right ankle, splinted, and sent home in a wheelchair until he could see an orthopedist after Christmas.

15. Dr. Bunting's fractured ankle required surgical repair, which was done on December 30, 2020, at the height of the COVID pandemic, which included internal fixation with a plate and screws, which are permanent.

16. In addition to having permanent surgical fixation of his ankle, Dr. Bunting has had a long period of recovery and pain.

17. All such injuries and medical treatment were proximately caused by Defendant's negligence in the ownership, operation, management, and maintenance of the CVS.

18. Since the accident, Dr. Bunting has also suffered emotional and other non-economic damages as a result of Defendant's negligence.

19. After the fall, Plaintiff had substantial difficulty performing normal activities of daily living.

20. As a result of Defendant's negligence, Plaintiff has suffered, and will continue to suffer, serious bodily and emotional injuries and damages, including physical pain, suffering, emotional distress, inconvenience, loss of the enjoyment of life, and medical expenses.

## COUNT I
### (Negligence – Premises Liability)

21. Plaintiff restates and incorporates by reference herein the allegations of each and every paragraph, above.

22. At all relevant times, Defendant owned, operated, managed, and/or exercised dominion and control over the Premises, including specifically the areas accessible to persons lawfully on the Premises.

23. Defendant, as owner of the Premises, owed Plaintiff a duty of reasonable care to keep and maintain the Premises, including the entrance/exit area, reasonably safe and free from all conditions which render the Premises dangerous and unsafe for persons lawfully on the Premises, including Plaintiff, or present an unreasonable risk of harm to Plaintiff.

24. Defendant, as operator of the Premises, had the duty of reasonable care to discover and eliminate any danger that might threaten an invitee or guest, including Plaintiff, in the lawful use of the Premises.

25. Defendant, as operator of the Premises, had a duty to not create a dangerous condition on the premises that might injure an invitee or guess, including Plaintiff.

26. Defendant violated such duties owed to Plaintiff because the Premises were negligently kept, maintained, and operated, creating an unreasonable risk of injury to invitees, and others lawfully on the Premises, including Plaintiff, in that:

4

a) Defendant failed to take reasonable steps to ensure the safety, cleanliness, and freedom from dampness of areas used by shoppers, including Plaintiff.

b) Defendant created an unreasonably unsafe, dangerous, and hazardous condition on December 24, 2020, when it mixed salt with the water on the ground at the exit doors even though it was a warm day, which resulted in the creation of a slippery substance on the pavement.

c) Defendant failed to put up signs, barriers, and/or tape to warn and alert Plaintiff or any other person that the exit floor was wet, and failed to take any measures to restrict Plaintiff from using the area when the floor was wet.

d) Defendant, though having evidence and forecast of a substantial warm period still placed salt outside the door, and ignored the foreseeable risks and hazards resulting from the salt mixing with the water on the ground (i.e., that the floor would become slippery).

27. Defendant directly and proximately caused Plaintiff's injuries by negligently breaching the aforesaid duties.

28. Upon information and belief, Defendant knew or, in the exercise of reasonable care, should have known, on and prior to December 24, 2020, that their actions created a hazardous condition, and that the exit area floor was unsafe, dangerous, and hazardous. Despite such knowledge – both direct and constructive – Defendant allowed the unreasonably dangerous situation to remain in place without modification or remediation, and failed to undertake any steps to restrict access to or remedy the known unreasonably unsafe, dangerous, and hazardous condition on the Premises.

29. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered and will continue in the future to suffer, *inter alia*, physical pain, emotional distress, humiliation and embarrassment, and inconvenience. He has incurred medical expenses in the treatment for his injuries, and, upon information and belief, Plaintiff will in the future continue to incur medical expenses in the treatment for his injuries.

30. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered substantial damages in the amount of $2,000,000.00, which will be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows: (1) compensatory damages in the amount of $2,000,000.00, which amount will be proven at trial; (2) payment of all costs associated with this action; (3) pre- and post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

## COUNT II
### (Negligence *Per Se*)

31. Plaintiff restates and incorporates by reference herein the allegations of each and every paragraph, above.

32. At all relevant times, Defendant owned, operated, managed, and/or exercised dominion and control over the Premises.

33. Defendant owed business invitees generally, and Plaintiff specifically, regulatory duties regarding the Premises. Defendant's regulatory duties arose from, *inter alia*, D.C. Municipal Regulations and the D.C. Building Code.

34. D.C. Mun. Regs. Tit. 24 §2000.5 (2020) states that "No person shall occupy with, place, or leave, or cause to be placed or left on public space, any wet paint or other slippery or sticky substance, or any deposit dangerous to life and limb, without protecting and guarding that public space."

35. Moreover, D.C. Mun. Regs. Tit. 12G § 305G.1 (2020), provides that, "[e]very ... walking surface shall be maintained in sound condition and good repair, and maintained free from hazardous conditions";

36. The aforementioned regulations are intended to promote the safety of individuals in buildings and were enacted to protect persons lawfully on the Premises, and were intended to

6

prevent the very type of accident described above – e.g., a fall or personal injury from an unsafe condition on premises. Such regulation therefore sets forth duties with which Defendant was required to comply.

37. Defendant breached those duties and was negligent *per se* by, *inter alia*, creating and allowing a foreseeable dangerous condition to arise and to continue unabated and without warning. Defendant also failed to post signs or otherwise warn Plaintiff of the dangerous condition the wet floor created.

38. As a direct and proximate result of Defendant's negligence *per se*, Plaintiff has suffered and will in the future suffer, *inter alia*, physical pain, emotional distress, humiliation and embarrassment, and inconvenience. He has incurred medical expenses in the treatment for his injuries, and, upon information and belief, Plaintiff will in the future continue to incur medical expenses in the treatment for his injuries.

39. As a direct and proximate result of Defendant's negligence *per se*, Plaintiff has suffered substantial damages in the amount of $2,000,000.00, which will be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows: (1) compensatory damages in the amount of $2,000,000.00, which amount will be proven at trial; (2) payment of all costs associated with this action; (3) pre- and post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

### COUNT III
### (LOSS OF CONSORTIUM)

40. Plaintiff restates and incorporates by reference herein the allegations of each and every paragraph, above.

41. This count is brought by Plaintiffs, Dr. Bruce Bunting and Jessie Brinkley, who are lawfully married and were lawfully married as of the time of this incident.

7

42. As a result of Defendant's negligence and Dr. Bruce Bunting's injuries, Plaintiffs, jointly, have suffered a loss of consortium, comfort, support, and other damages to their marital relationship.

WHEREFORE, Plaintiffs, Dr. Bruce Bunting and Ms. Jessie Brinkley, demand judgment against Defendant as follows: (1) compensatory damages in the amount of $2,000,000.00, which amount will be proven at trial; (2) payment of all costs associated with this action; (3) pre- and post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

### JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

**Dr. Bruce Bunting**
**Ms. Jessie Brinkley**

By: *[signature]*

Jacob M. Lebowitz, Esq.
D.C. Bar #483742
POSEY LEBOWITZ, PLLC
3221 M Street NW
Washington, D.C. 20007
(202) 524-0123 (phone)
(202) 810-9009 (facsimile)
jlebowitz@poseylebowitz.com
*Counsel for Plaintiff*

Dated: February 14, 2022

8



**Superior Court of the District of Columbia**
CIVIL DIVISION
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

BRUCE BUNTING and JESSIE BRINKLEY
_____
Plaintiff

vs.

DISTRICT OF COLUMBIA CVS PHARMACY, LLC
_____
Defendant

Case Number **2022 CA 000736 B**

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Jacob M. Lebowitz
_____
Name of Plaintiff's Attorney

3221 M Street NW
_____
Address
Washington, D.C. 20007

(202) 524 - 0123
_____
Telephone

Clerk of the Court

By _____
    Deputy Clerk

Date **02/18/2022**

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시오.     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME*.

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]

Super. Ct. Civ. R. 4



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

```
or b    r   d      gb   b  o  hib
                                         Demandante
                  contra

a   o    c   ir       s   e  o  l    ii
                                         Demandado
```

Número de Caso: _____

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

```
    g       K   i
Nombre del abogado del Demandante

    POON              t
Dirección
    t       I   aK K  OMMMT

EOMOIRO   JMNOP
Teléfono
```

SECRETARIO DEL TRIBUNAL

Por: _____
Subsecretario

Fecha _____

如需翻译，请打电话 (202) 879-4828   Veuillez appeler au (202) 879-4828 pour une traduction   Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면 (202) 879-4828   ፋማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                      Super. Ct. Civ. R. 4